UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BELLVILLE,

        Petitioner,

v.   CIVIL CASE NO. 07-10874
    HONORABLE PAUL V. GADOLA

DOUGLAS VASBINDER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.**   **Introduction**

James Bellville ("Petitioner"), a state prisoner confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his drug conviction sentence. For the reasons stated below, the Court dismisses the habeas petition without prejudice for failure to fully exhaust state court remedies.

**II.**   **Facts and Procedural History**

Petitioner pleaded guilty to possession of less than 25 grams of narcotics and unlawful use of registration plates in the Washtenaw County Circuit Court on May 19, 2004. He was originally sentenced to 18 to 48 months imprisonment on March 15, 2005 and then re-sentenced to 11 to 48 months imprisonment on May 10, 2005. Petitioner filed an appeal of his sentence with the Michigan Court of Appeals, which remanded the matter to the trial court for re-sentencing. On remand, the trial court again sentenced Petitioner to 11 to 48 months imprisonment. *See* Petition, p. 1.

Petitioner then filed another application for leave to appeal with the Michigan Court of Appeals challenging his sentence, which was denied for lack of merit in the grounds presented.

*People v. Bellville*, No. 271518 (Mich. Ct. App. Sept. 8, 2006) (unpublished).  *See* Petition, Exh. 8. Petitioner also attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely.  *See* Petition, Exh. 1.

Petitioner dated his habeas petition on February 16, 2007.  He raises the following claim:

> Petitioner was denied his right to be sentenced by a fair and impartial judge who exhibited extreme bias against Petitioner and defense counsel in violation of due process guaranteed by the Fourteenth Amendment to the United States Constitution.

Petition, p. 5.

### III.   Analysis

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court.  *See Hafley*, 902 F.2d at 483.  The burden is on the petitioner to prove exhaustion.  *See Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  He has not fairly presented his habeas claim to the Michigan Supreme Court given that his application for leave

to appeal in that court was untimely. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (habeas petitioner failed to satisfy the exhaustion requirement of raising his claims at all levels of state court review where his application for leave to appeal the denial of his 6.500 motion was rejected by the Michigan Supreme Court as untimely). Petitioner has available avenues for relief in the state court system to fully exhaust his habeas claim. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claim and then pursue that claim in the Michigan appellate courts as necessary. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

**IV.    Conclusion**

The Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claim presented in his federal habeas petition.

**ACCORDINGLY, IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:    May 3, 2007                    s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

| |
|---|
| Certificate of Service |
| I hereby certify that on   May 3, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:       James Bellville              . |
| s/Ruth A. Brissaud<br>Ruth A. Brissaud, Case Manager<br>(810) 341-7845 |